```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        COLUMBUS DIVISION
```

IN RE MENTOR CORP. OBTAPE        *    MDL Docket No. 2004
                                      4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS    *
                                      Case No.
LIABILITY LITIGATION             *    4:13-cv-370 (Alvarado)

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Frances Alvarado was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Alvarado brought a product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Alvarado also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor seeks summary judgment on all of Alvarado's claims, contending that they are time-barred under Minnesota law. For the reasons set forth below, Mentor's summary judgment motion (ECF No. 39 in 4:13-cv-370) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

## FACTUAL BACKGROUND

Alvarado suffered from stress urinary incontinence.  She underwent a transvaginal sling procedure at some point prior to December 2003.  The parties did not point to any evidence on when that procedure was or what type of transvaginal sling Alvarado received.  In any event, Alvarado's stress urinary incontinence returned, and she sought treatment from Dr. Scott Yun.  Dr. Yun examined Alvarado, found that her bladder was normal with no foreign materials inside, and recommended that Alvarado undergo an ObTape implant procedure.  Dr. Yun implanted Alvarado with ObTape on February 28, 2004.

In December 2006, Alvarado went to her primary care physician complaining that something was protruding from her vagina.  The doctor observed exposed mesh, told Alvarado what he saw, and referred Alvarado to Dr. Stuart Feldman, a urologist.

2

Alvarado visited Dr. Feldman on December 27, 2006 complaining of the exposed mesh and of vaginal discharge.  Dr. Feldman observed exposed ObTape in Alvarado's vagina, explained that Alvarado's ObTape had eroded, and told Alvarado that the erosion was the cause of her vaginal discharge.  Dr. Feldman also may have told Alvarado that erosion is a normal risk of mesh implant procedures.  Dr. Feldman recommended removal of the exposed ObTape, and he performed an excision procedure on February 15, 2007.  Alvarado had another excision procedure performed by a different doctor in January 2008.  Alvarado lived in California when she had her ObTape implant surgery, and all of her ObTape-related medical treatment occurred in California.

Alvarado asserts claims for strict liability; negligence; breach of express warranty; breach of implied warranty; common law fraud; constructive fraud; and negligent and intentional misrepresentation.  Mentor contends that all of these claims are time-barred.  Alvarado does not contest summary judgment on her strict liability or warranty claims, so Mentor is entitled to summary judgment on those claims.  The only issue remaining is whether Alvarado's negligence, fraud, and misrepresentation claims are time-barred.

## DISCUSSION

On July 15, 2013, Alvarado served Mentor with a Complaint captioned in the Hennepin County District Court of the State of

3

Minnesota. Mentor removed this action to the United States District Court for the District of Minnesota. The case was later transferred to this Court as part of a multidistrict litigation proceeding regarding ObTape. The parties agree for purposes of summary judgment that Minnesota law applies to Alvarado's claims. *See Cline v. Mentor Corp.*, No. 4:10-cv-5060, 2013 WL 286276, at *7 (M.D. Ga. Jan. 24, 2013) (concluding that Minnesota law applied to claims of non-Minnesota ObTape plaintiffs who brought their actions in Minnesota).

Mentor contends that all of Alvarado's claims are time-barred under Minnesota law. Again, Alvarado does not contest summary judgment on her strict liability or warranty claims, so Mentor is entitled to summary judgment on those claims. The only issue remaining is whether Alvarado's negligence, fraud, and misrepresentation claims are time-barred.

## I. Alvarado's Negligence Claim

The statute of limitations for a negligence claim is six years. Minn. Stat. § 541.05 subd. 1(5) (establishing six-year limitation period for personal injury claims not arising in contract or strict liability). Under Minnesota law, "a claim involving personal injuries allegedly caused by a defective product accrues when two elements are present: '(1) a cognizable physical manifestation of the disease or injury, and (2) evidence of a causal connection between the injury or disease

4

and the defendant's product, act, or omission.'" *Klempka v. G.D. Searle & Co.*, 963 F.2d 168, 170 (8th Cir. 1992) (quoting *Hildebrandt v. Allied Corp.*, 839 F.2d 396, 398 (8th Cir. 1987)) (applying Minnesota law). Thus, as the Court has concluded on numerous occasions, a plaintiff's product liability cause of action accrues under Minnesota law when the plaintiff learns that she has an injury caused by a product. *Watson v. Mentor Worldwide, LLC*, No. 4:13-cv-27, 2016 WL 1574071, at *2 (M.D. Ga. Apr. 19, 2016) (quoting *Klempka*, 963 F.2d 168, 170 (8th Cir. 1992) ("A plaintiff who is aware of both her injury and the likely cause of her injury is not permitted to circumvent the statute of limitations by waiting for a more serious injury to develop from the same cause.")). For example, in *Klempka*, the plaintiff suffered injuries and was diagnosed with chronic pelvic inflammatory disease, which her doctor said was caused by the plaintiff's intrauterine device. *Klempka*, 953 F.2d at 169. Several years later, the plaintiff was told that she was infertile and that the intrauterine device caused her infertility. *Id.* Applying Minnesota law, the Eighth Circuit concluded that the plaintiff's cause of action accrued when she first learned that she had an injury (chronic pelvic inflammatory disease) that was caused by the intrauterine device. *Id.* at 170.

Here, Alvarado argues that she did not understand that her erosions were caused by ObTape or related to ObTape and that she could not have made this connection until a doctor told her in March 2008 that ObTape was a bad product. But Alvarado was informed in December 2006 that she had an erosion of her ObTape, that the erosion was likely causing her vaginal discharge symptoms, and that she would have to undergo an excision procedure. And in February 2007, Alvarado's doctor excised her exposed ObTape. This information was enough to put Alvarado on notice that she had suffered an erosion necessitating an excision procedure (presumably, if she had asked her doctor what the word "erosion" meant, he would have told her). Thus, by February 2007 at the latest, Alvarado should have known that she needed treatment for injuries related to an erosion of the ObTape.[1] In other words, she was aware (or should have been aware) of an injury and its likely cause in February 2007.[2] That is when her claims accrued. She did not file her complaint until more than six years later, in July 2013.[3]

---

[1] Alvarado's reliance on *Hildebrandt v. Allied Corp.*, 839 F.2d 396 (8th Cir. 1987), *Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917 (8th Cir. 2004), and *Huggins v. Stryker Corp.*, 932 F. Supp. 2d 972 (D. Minn. 2013) is misplaced. *See Watson*, 2016 WL 1574071, at *3 (distinguishing these three cases).

[2] Neither party pointed to any evidence that Alvarado's complications were caused by her prior sling or that her doctors suggested that the prior sling was to blame for her injuries.

[3] Alvarado did not explicitly argue that the statute of limitations should be tolled by fraudulent concealment. Alvarado does assert that Mentor took "extraordinary measures" to conceal problems with ObTape.

## II. Alvarado's Fraud and Misrepresentation Claims

The statute of limitations for fraud claims is six years. Minn. Stat. § 541.05 subd. 1(6). A fraud cause of action "shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud." *Id.* But "the facts constituting fraud are deemed to have been discovered when, with reasonable diligence, they could and ought to have been discovered." *Veldhuizen v. A.O. Smith Corp.*, 839 F. Supp. 669, 674 (D. Minn. 1993) (quoting *Bustad v. Bustad*, 116 N.W.2d 552, 555 (Minn. 1962)). "The failure to actually discover the fraud does not toll the statute of limitations if it is inconsistent with reasonable diligence." *Id.*; accord *Blegen v. Monarch Life Ins. Co.*, 365 N.W.2d 356, 357-58 (Minn. Ct. App. 1985). Plaintiffs "carry the burden of proving that they did not discover the facts constituting fraud within six years before commencement of the action." *Veldhuizen*, 839 F. Supp. 674. "They

---

Pl.'s Resp. to Def.'s Mot. for Summ. J. 18, ECF No. 40 in 4:13-cv-370. Even if Alvarado did assert a fraudulent concealment argument, a statute of limitations may only "be tolled if the cause of action is fraudulently concealed by the defendant." *Haberle v. Buchwald*, 480 N.W.2d 351, 357 (Minn. Ct. App. 1992). "To establish fraudulent concealment, a plaintiff must prove there was an affirmative act or statement which concealed a potential cause of action, that the statement was known to be false or was made in reckless disregard of its truth or falsity, and that the concealment could not have been discovered by reasonable diligence." *Id.* Alvarado did not point to any evidence that some affirmative act or statement by Mentor concealed Alvarado's claims by preventing her from connecting her injury to ObTape.

7

must also show that they could not have discovered the fraud through the exercise of reasonable diligence." *Id*.

Alvarado did not respond to Mentor's specific arguments regarding her fraud and misrepresentation claims. And, as discussed above, Alvarado did not file her complaint within six years after learning of a connection between ObTape and her injuries. She knew or had enough information to know of a connection between ObTape and at least some of her injuries by the time her doctor diagnosed her with a mesh erosion and told her that she needed to undergo an excision procedure. A reasonable person in that situation would take some action to follow up on the cause of her injuries and try to find out whether the injuries were caused by a problem with ObTape, a problem with the implant surgery, or some other problem—such as Alvarado's diabetes. Alvarado pointed to no evidence that she exercised reasonable diligence to investigate her potential claims even though she knew (or had enough information to know) there was a connection between her injuries and the ObTape.

Again, Alvarado knew by February 2007 at the latest that she had an erosion that required an excision procedure. There is no evidence of any action Alvarado took at that time—no evidence that she followed up with a doctor, sought medical records, or otherwise attempted to investigate the connection between her injury and the ObTape. Alvarado also did not point

8

to evidence that she could not have discovered enough facts to support her fraud and misrepresentation claims had she started investigating the connection she made (or had enough information to make) between ObTape and her injuries within a reasonable time after she discovered the connection. For these reasons, the Court finds that Alvarado's fraud and misrepresentation claims are time-barred.

## CONCLUSION

For the reasons set forth above, Alvarado's claims are all time-barred under Minnesota law.  Mentor's Motion for Summary Judgment (ECF No. 39 in 4:13-cv-370) is therefore granted.

IT IS SO ORDERED, this 13th day of September, 2016.

                                                s/Clay D. Land
                                                CLAY D. LAND
                                                CHIEF U.S. DISTRICT COURT JUDGE
                                                MIDDLE DISTRICT OF GEORGIA